FILED
12/28/2021
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 1, 2021

## MARILYN JONES v. DANIEL MARSHALL

**Appeal from the Circuit Court for Davidson County**
**No. 19C3024       Joseph P. Binkley, Jr., Judge**

———————————————————

### No. M2020-01627-COA-R3-CV

———————————————————

In this legal malpractice action, the plaintiff appeals the trial court's decision granting summary judgment in favor of the defendant and dismissing all of the plaintiff's claims against the defendant. The trial court found that the plaintiff's action was untimely and violated the statute of limitations. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ARNOLD B. GOLDIN, J., joined.

Marilyn Jones, Clarksville, Tennessee, Pro Se.

Daniel Marshall, Nashville, Tennessee, Pro Se.

### OPINION

### Background

The plaintiff, Marilyn Jones ("Plaintiff"), filed a complaint on December 20, 2019, alleging legal malpractice against the defendant, Daniel Marshall ("Defendant") in the Davidson County Circuit Court (the "Trial Court"). Defendant subsequently filed a motion to dismiss, arguing that the Tennessee Board of Professional Responsibility had already addressed Plaintiff's complaints and determined that Defendant had not violated any rules governing lawyers. According to Defendant, the Board's determinations were res judicata and Plaintiff had failed to establish a prima facie case of legal malpractice. Plaintiff filed a response denying that her complaint should be dismissed.

Defendant subsequently filed a separate motion to dismiss and for summary judgment, alleging that Plaintiff's complaint was untimely. Defendant concomitantly filed a statement of undisputed material facts. Defendant later filed a notice of filing, stating that he had attempted to serve his motion for summary judgment on Plaintiff via FedEx in addition to service through U.S. Mail but that Plaintiff "failed and refused to accept the package." Defendant attached a copy of the FedEx return to his notice, which indicated that the FedEx package was unclaimed. Plaintiff did not file a response to Defendant's summary judgment motion.

The Trial Court conducted a hearing on Defendant's summary judgment motion and entered an order, finding that Plaintiff failed to appear at court and had failed to file a response to Defendant's statement of undisputed material facts. The Trial Court further found that Plaintiff's action was untimely and granted summary judgment in favor of Defendant.

Plaintiff subsequently filed a "Motion to Set," in which she asked the court to set aside the judgment and allow her lawsuit to be heard. In her motion, Plaintiff argued that she had not received notice of the hearing. Defendant filed a response and a second response to Plaintiff's motion, asking the court to deny Plaintiff's motion. The Trial Court conducted a hearing on Plaintiff's motion, which it treated as a motion to alter or amend. The Trial Court denied Plaintiff's motion, finding that the Trial Court record had no evidence that Plaintiff ever provided an updated address to the court or Defendant prior to the summary judgment motion hearing and determining that even if Plaintiff had been present for the hearing, the result would have been the same. The Trial Court found that Plaintiff's allegations in her complaint involved actions by Defendant that had been reported by Plaintiff to the Tennessee Board of Professional Responsibility between November 6, 2018 and November 8, 2018. Thus, the Trial Court determined that Plaintiff's action was filed outside the statute of limitations period when it was not filed until December 20, 2019, more than a year after she knew of the facts supporting her cause of action. Plaintiff timely appealed to this Court.

### Discussion

Plaintiff includes no statement of issues for appeal in her appellate briefs filed with this Court, only an argument section with headings to state her position on various occurrences during the trial court proceedings. This case involves summary judgment, which we review de novo with no presumption of correctness. As our Supreme Court has instructed:

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn.

- 2 -

R. Civ. P. 56.04.  We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness.  *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *see also Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010).  In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied.  *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013) (citing *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)).

* * *

[I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense.  We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis.  Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial."  Tenn. R. Civ. P. 56.03.  "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record."  *Id*. When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03.  "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S. Ct. 1348.  The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.  If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07.  However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a

- 3 -

genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye v. Women's Care Cntr. of Memphis, MPLLC*, 477 S.W.3d 235, 250, 264-65 (Tenn. 2015).

Furthermore, we recognize that Plaintiff is pro se on appeal. As this Court has explained:

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003).

We note that Plaintiff filed two principal briefs on appeal, in addition to her reply brief. Plaintiff's first brief was filed on June 18, 2021 and severely fails to comply with Tennessee Rule of Appellate Procedure 27 or Court of Appeals Rule 6. In this brief, Plaintiff does not include a table of authorities, statement of facts, statement of the case, standard of review, or statement of the issues, as required by Tennessee Rule of Appellate Procedure 27. Plaintiff's entire argument section in her initial brief appears to be bullet points with nine alleged errors the Trial Court made during the proceedings. These alleged errors are not supported by either legal authority or citations to the record. Plaintiff's argument section in her principal brief is nothing more than a skeletal argument expressing displeasure with the Trial Court's actions. This Court has held that a "skeletal argument that is really nothing more than an assertion will not properly preserve a claim." *Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009) (quoting *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 400 (Tenn. Ct. App. 2006)). Plaintiff also includes in her brief a section purporting to include a summary of her argument; but even considering both the argument section and her summary of the argument, she still has failed to comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6 in this initial brief.

- 4 -

The initial brief filed by Plaintiff was noted by this Court to include a defect with the cover page upon filing. At some point, Plaintiff filed a second brief that includes two cover pages, one that reads, "Brief of Appellant/Plaintiff," and one behind it that reads, "Amended Brief of Appellee/Plaintiff." The second cover sheet was initially file stamped by the Court Clerk's office with the date of July 7, 2021 but subsequently modified to the original file date of June 18, 2021. This second filing, however, is not merely a correction of a defective cover page; the contents of this second brief are significantly different from the initial brief that had been filed with this Court. We note that this second brief was filed prior to Defendant's appellate brief being filed with this Court. It is unclear exactly how this second brief came to be filed with this Court. Plaintiff had not requested to amend her principal brief, she simply filed what we assume is an amended brief. Nevertheless, we will consider this amended brief as her initial brief is wholly inadequate.

However, we note that Plaintiff's amended brief also fails to comply with Tennessee Rule of Appellate Procedure 27. The second brief contains no table of authorities, statement of facts, statement of the case, or statement of the issues. This amended brief, however, includes arguments with citations to legal authority that was lacking in her initial brief. Despite Plaintiff's noncompliance with Rule 27, we will attempt to address her relevant arguments on appeal.

We note that many of Plaintiff's arguments on appeal involve her allegations against Defendant instead of the reason the Trial Court dismissed her action, which was a violation of the statute of limitations. Specifically, Plaintiff argues that Defendant (1) was negligent with his attorney-client relationship with Plaintiff that caused injury, (2) had violated the Tennessee Rules of Professional Responsibility, and (3) had breached his contract with Plaintiff. These arguments by Plaintiff concern the merits of her action and have no relevance to the reason the Trial Court granted summary judgment in favor of Defendant, and thus, we will not address them on appeal.

We first address Plaintiff's argument that the Trial Court erred by not allowing Plaintiff to introduce facts and evidence on her own behalf and by treating Plaintiff "with prejudice in the courtroom." Plaintiff's argument in this regard is somewhat unclear. In support of this argument, Plaintiff states in her brief as follows:

> Plaintiff was not allowed to introduce all of her evidence there was significant prejudice against her because due to legal privilege and she did not include legal arguments but she presented facts and was not able to introduce all facts and evidence in the courts and was frequently interrupted without cause and not allowed to continue.

Part of Plaintiff's argument is that she was treated with prejudice while in the courtroom. We note that our review is limited concerning the occurrences during the motion hearings

because Plaintiff has not included a transcript of the court hearings for purposes of appeal. As the appellant, it is Plaintiff's responsibility to provide us with a record sufficient to address her issues on appeal. *See Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009) ("This Court's review is limited to the appellate record and it is incumbent upon the appellant to provide a record that is adequate.").

Because Plaintiff was not present for the summary judgment hearing, Plaintiff's contention that she was treated with prejudice in the courtroom most likely concerns the November 2020 hearing on her motion to alter or amend. In her brief, Plaintiff states generally the law concerning a judge's bias or prejudice, but she fails to state any specific examples in the argument section of her brief demonstrating the judge's bias or prejudice toward her other than her argument that she was unable to present facts on her own behalf and her statement that she "was frequently interrupted without cause and not allowed to continue." In the conclusion section of her brief, Plaintiff further states that the trial judge erred by (1) not allowing her to present proof that Defendant knew her correct address, (2) not requesting Defendant to provide proof of service on the various motions and orders filed, (3) allowing Defendant to use the statute of limitations as a defense, (4) not allowing Plaintiff to present the parties' original contract, and (5) not listening to Plaintiff's explanation that she could not have known of the existence of the various motions and orders at issue.

We note that many of Plaintiff's alleged errors by the trial judge appear to stem from the Trial Court's rulings regarding admissibility of evidence and Plaintiff's simple disagreement with the Trial Court's rulings on various issues. An adverse ruling by the trial judge is generally not sufficient to demonstrate bias or prejudice on the part of the presiding judge. *See Boren v. Hill Boren, PC*, 557 S.W.3d 542, 550 (Tenn. Ct. App. 2017). Without a transcript, we are unable to review what occurred during the motion hearings, aside from the written orders memorializing the hearings. These allegations by Plaintiff, without more, do not rise to the level of demonstrating prejudice toward Plaintiff by the Trial Court. We further note that although Plaintiff is claiming prejudice, at no time did Plaintiff file a motion requesting that Judge Joe P. Binkley, Jr. recuse himself, pursuant to Tennessee Supreme Court Rule 10B. Upon our review of the record before us, we see no evidence in the record reflecting that the Trial Court treated Plaintiff with prejudice during the Trial Court proceedings.

Furthermore, it appears that Plaintiff was given sufficient time to present evidence in opposition to the summary judgment motion. Defendant filed his motion to dismiss and for summary judgment on September 4, 2020, with allegations that Plaintiff's complaint was untimely. He included with his motion Plaintiff's complaint form submissions to the Tennessee Board of Professional Responsibility, as well as a statement of undisputed facts. Tennessee Rule of Civil Procedure 56.04 requires that a motion for summary judgment be served at least thirty days prior to the hearing on the motion. Thirty days passed and

- 6 -

Plaintiff did not respond to Defendant's motion for summary judgment or the statement of undisputed facts.

When a summary judgment motion is made and supported as provided in Rule 56, the non-moving party "may not rest upon the mere allegations or denials" in his or her pleadings but must set forth specific facts demonstrating a genuine issue for trial supported by affidavits or as otherwise provided in this rule. Tenn. R. Civ. P. 56.06. Rule 56.03 requires the non-moving party to respond to the statement of facts provided by the opposing party no later than five days prior to the hearing and allows the non-moving party to assert any additional facts in support of his or her position. We find, as did the Trial Court, that Plaintiff was given ample opportunity to file a response to the summary judgment motion and statement of undisputed facts and to present supporting affidavits or other permissible evidence, in order to establish her opposition to summary judgment. However, Plaintiff did not do so.

Although we will not address whether Defendant was negligent in his attorney-client relationship with Plaintiff that caused injury, Plaintiff includes under this heading an argument with legal authority relevant to the discovery rule and an argument that she had not received copies of several motions filed by Defendant, including the summary judgment motion. We will address Plaintiff's argument regarding the discovery rule and the statute of limitations, as well as her argument that she had not received copies of motions and orders filed with the Trial Court.

Concerning whether Plaintiff received notice of the summary judgment motion hearing, Plaintiff argues that several motions filed by Defendant, including the summary judgment motion, and court orders entered by the Trial Court included an incorrect address for her. Plaintiff requests in her brief that "all these orders and motions be dismissed." She further states that Defendant's summary judgment motion was granted because she "didn't know to be there." However, the summary judgment motion included a certificate of service by Defendant certifying that he transmitted a copy of the motion to Plaintiff at her Harding Place address on September 4, 2020. The summary judgment motion states in bold at the bottom of the motion that it would be heard before the Trial Court on October 16, 2020. The Trial Court held a hearing on October 16, 2020, and Plaintiff failed to appear. Although Plaintiff argues that Defendant did not send a copy of the motion to her, the Trial Court found that Defendant had sent notice of the hearing to Plaintiff not only by "regular mail," but also by FedEx delivery. The Trial Court, however, found that Plaintiff had failed to accept or pick up the FedEx package addressed to her. We note that in her brief, Plaintiff states that she had a "change of address" with the post office and her mail would have been forwarded to her new address.

The Trial Court considered Plaintiff's argument that she had not received a copy of the motion when addressing her motion to alter or amend and found that her divorce attorney had used the Harding Place address for Plaintiff only a couple of months before

Defendant's summary judgment motion and that there was nothing in the Trial Court's record to indicate that Plaintiff provided the Trial Court or Defendant with a new address prior to the summary judgment hearing in October 2020. Based on the foregoing, there is insufficient evidence to support Plaintiff's assertions that she had not received notice of the motion hearing.

Additionally, Plaintiff includes caselaw concerning the discovery rule in the argument section of her brief. Plaintiff argues that when the cause of action accrues is determined by applying the discovery rule. She includes caselaw in her argument which supports the proposition that a cause of action accrues when a plaintiff has knowledge of facts sufficient to put the plaintiff on notice that an injury has occurred resulting from wrongful conduct. Plaintiff then proceeds in her argument to state that the facts were sufficient to put Defendant on notice that the injury was present. However, Defendant's knowledge of Plaintiff's injury is irrelevant as to whether Plaintiff timely filed her action in compliance with the statute of limitations.

Nonetheless, we will address whether the Trial Court erred by determining that Plaintiff's action was untimely. The Trial Court ultimately found that Plaintiff's action was untimely because it violated the statute of limitations. Tennessee Code Annotated § 28-3-104(c)(1) (2017) provides that actions filed against attorneys for legal malpractice must be commenced within one year after the cause of action accrued, regardless of whether the action is based in contract or tort.

The record includes three complaint form submissions filed by Plaintiff with the Tennessee Board of Professional Responsibility concerning allegations against Defendant. The submissions are dated November 7, 2018; November 8, 2018; and November 16, 2018. In his statement of undisputed material facts, Defendant stated that "Plaintiff's communications to the BPR during the period of November 2018 through December 19, 2018 set forth essentially the same allegations and claimed injuries as those in her court complaint in this case." Additionally, Defendant included as an undisputed fact that Plaintiff knew about the allegations included in her legal malpractice complaint prior to December 19, 2018. Plaintiff failed to file a response to those undisputed material facts set forth by Defendant. This Court has previously determined that a trial court may consider statements of fact as admitted when a non-moving party fails to respond to the moving party's statement of material facts as required by Rule 56.03. *Cardiac Anesthesia Servs., PLLC v. Jones*, 385 S.W.3d 530, 539-40 (Tenn. Ct. App. 2012) (citing *Holland v. City of Memphis,* 125 S.W.3d 425, 428-29 (Tenn. Ct. App. 2003)).

The Trial Court found in its order that Plaintiff had admitted "in open court" to filing complaints with the Tennessee Board of Professional Responsibility between November 6 and November 8 of 2018 and that Plaintiff had not denied that those complaints contained the same allegations against Defendant as her legal malpractice complaint in this matter. The Trial Court further found that after the date Plaintiff claimed to learn of the summary

judgment motion, Plaintiff had failed to file anything demonstrating that her action was timely prior to the hearing on Plaintiff's motion to alter or amend. When considering Plaintiff's failure to respond to the statement of material facts and the BPR complaints submitted by Plaintiff, the evidence presented in the summary judgment motion clearly supports the Trial Court's conclusion that Plaintiff knew of the substance of her legal malpractice allegations prior to December 19, 2018 when she filed her complaints against Defendant with the Tennessee Board of Professional Responsibility. We find and hold, as did the Trial Court, that Plaintiff filed her action more than one year after she learned of the substance of her allegations in the legal malpractice action. Thus, Plaintiff's action was untimely and violated the relevant statute of limitations for legal malpractice claims because, even applying the discovery rule, it is undisputed that Plaintiff's cause of action accrued more than one year before Plaintiff commenced this action. We, therefore, affirm the Trial Court's grant of summary judgment in favor of Defendant.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Marilyn Jones.


s/ D. Michael Swiney
D. MICHAEL SWINEY, CHIEF JUDGE